101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jean Yasu ISHIKAWA, Plaintiff-Appellant,
v.
The CITY of New York, Department of Cultural Affairs,
Defendant-Appellee.
 No. 95-7499.
 United States Court of Appeals, Second Circuit.
 March 25, 1996.
 
 APPEARING FOR APPELLANT: Jean Yasu Ishikawa, pro se, New York, NY.
 APPEARING FOR APPELLEE: Ellen Ravitch, Assistant Corporation Counsel of the City of New York, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Present MINER, WALKER, Jr., and LEVAL, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was argued.
 
 
 4
 Plaintiff-appellant Jean Yasu Ishikawa appeals pro se from a judgment entered in the United States District Court for the Southern District of New York (Buchwald, M.J.) dismissing her complaint, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.
 
 
 5
 From 1982 through 1989, Jean Yasu Ishikawa was employed by the New York City Department of Cultural Affairs (the "DCA") as a clerical worker. In 1986, Ishikawa applied to the DCA for the position of Capital Program Manager. The DCA did not hire Ishikawa, prompting Ishikawa to file a charge with the Equal Employment Opportunity Commission (the "EEOC"), claiming that she was not selected for that position because of her race and national origin.
 
 
 6
 In October of 1988, Ishikawa applied to the DCA for the position of Director of Cultural Affairs. The DCA did not hire Ishikawa for this position either. In February of 1989, Ishikawa filed a second charge of discrimination with the EEOC, claiming that she had not been hired for the position as retaliation for filing the first charge with the EEOC.
 
 
 7
 Ishikawa commenced this action against the DCA in district court, alleging that the DCA violated Title VII of the Civil Rights Act by refusing to hire her for the manager and director positions because of her race and national origin and because she had filed a charge with the EEOC. Ishikawa sought "such relief as may be appropriate."
 
 
 8
 Following a three-day bench trial, the district court dismissed Ishikawa's complaint. The district court found that the DCA articulated legitimate, nondiscriminatory reasons for refusing to hire Ishikawa for the positions of manager and director, namely, that the persons whom DCA hired for these positions possessed qualifications and experience superior to that possessed by Ishikawa. The district court also found that Ishikawa failed to prove by a preponderance of the evidence that the reasons offered by the DCA were pretexts for discrimination. On appeal, Ishikawa claims that there is insufficient evidence to support the district court's finding that DCA had legitimate, nondiscriminatory reasons for not hiring her and that these proffered reasons were not pretexts for discrimination.
 
 
 9
 In a Title VII case alleging discriminatory treatment,
 
 
 10
 [f]irst, the plaintiff has the burden of proving by the preponderance of the evidence a prima facia case of discrimination. Second, if the plaintiff succeeds in proving the prima facia case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.
 
 
 11
 Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252 (1981) (quotations and citations omitted).
 
 
 12
 We believe that the district court properly found that the DCA articulated legitimate, nondiscriminatory reasons for not hiring Ishikawa for the manager and director positions and that Ishikawa failed to demonstrate that these reasons were pretexts for discrimination. First, there was sufficient evidence presented at trial to indicate that the DCA did not hire Ishikawa for the manager position because she was not one of the better qualified candidates. For example, Mr. Thomas Mangan, the DCA employee who interviewed employees for the manager position, testified that he hired Pat Konecky for the position because she possessed the required knowledge and experience in the construction business and because she interacted well with other people. Mangan testified that he had worked with Ishikawa and did not believe that she would be capable of handling the responsibilities of the manager position. Mangan also testified that Ishikawa had difficulty interacting with other people and that good personal interaction skills were essential for the position.
 
 
 13
 There also was sufficient evidence for the district court to conclude that the DCA did not hire Ishikawa for the director position because she was not the best qualified candidate. Susan Rothschild, the DCA employee who hired the candidate for the director position, testified that she hired Janet Heit for the position because Heit had the necessary experience working with artists and the local government. Heit had been a curator for several years at a nonprofit arts organization in New York City. Rothschild testified that Ishikawa had not been chosen for this position because she did not have the necessary experience of having worked with artists. Rothschild also testified that Ishikawa had not been responsive to questions posed during the employment interview. Rothschild stated that Heit was hired because she was the most qualified candidate for the position.
 
 
 14
 Finally, we believe that the district court properly concluded that Ishikawa did not prove by a preponderance of the evidence that the reasons offered by the DCA were pretexts for discrimination. Rothschild testified that, although she was aware of Ishikawa's first EEOC complaint, it had no effect on her decision not to hire Ishikawa for the director position. Moreover, besides Ishikawa's own conclusory statements, there is no evidence indicating that the DCA's reasons for not hiring Ishikawa were pretextual. Accordingly, the district court did not err in dismissing Ishikawa's complaint.